UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELAIA LATU OSTLING, | : | CIV. NO. 3:04CV01990 (AWT) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN ASHCROFT, ET AL., | : | |
| Respondents. | : | DECEMBER 22, 2004 |

RESPONDENTS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

AND

# NOTICE OF INTENT TO REMOVE ALIEN

Respondents John Ashcroft, Bruce Chadbourne and the Bureau of Immigration and Customs Enforcement respectfully submit the instant response to the Court's Order to Show Cause. **Respondents hereby inform the Court that it the government's intention to remove the petitioner from the United States forthwith.**

### BACKGROUND

This matter has been extensively litigated in the United States District Court in Ostling v. Pam Richards, et al., 3:01CV1900 (RNC), including a hearing before Chief Judge Chatigny on February 26, 2004, at which time the Court explained to the petitioner that there did not appear to be any legal basis upon which it could grant her any form of relief. As is clear from Chief Judge Chatigny's Ruling of April 13, 2004, "no legal basis for granting either form of relief has been identified." Accordingly, the Court dismissed the petition and lifted its stay

1

of removal.

Since that time the petitioner has filed the instant petition in which she seeks release under Zadvydas v. Davis, 533 U.S. 678, 699 (2001). In Zadvydas, the Supreme Court acknowledged that the Immigration and Naturalization Service (now the Department of Homeland Security ("DHS")) possesses statutory authority to detain aliens, such as the petitioner, who are subject to final removal orders. 533 U.S. at 682. The Immigration and Nationality Act ("INA") § 241(a), 8 U.S.C. § 1231(a), allows the Attorney General a ninety-day period of detention to accomplish removal. Upon the expiration of the ninety-day period, however, an alien has no absolute entitlement to be released from detention. In fact, the Court has held that the Attorney General is allowed a period that is reasonably necessary to achieve the removal of the alien from the United States. Id.

The Court held in Zadvydas that six months was a presumptively reasonable period of detention. 533 U.S. at 701. The Court explicitly stated, however, that the passing of the six-month period does not require the Attorney General to release the alien:

> This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Id. (emphasis added).

The burden is on the petitioner to show that there is no significant likelihood of removal in the reasonably foreseeable future. See Rajigah v. Conway, 268 F. Supp. 2d 159, 166 (E.D.N.Y. 2003) (internal citation and quotation omitted) (finding petitioner satisfied his burden of providing good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future). Upon satisfying this burden, the burden shifts to the Government to present rebuttal evidence. Id.

In the instant case, the petitioner has presented no evidence to show that her removal is not likely in the reasonably foreseeable future. See generally Budhai v. Ashcroft, No. 3:02CV1429, 2002 WL 31433378, at *1 (D. Conn. 2002) (Chatigny, C.J.) (denying habeas corpus petition for failing to present evidence of removal being no longer reasonably foreseeable); Meach v. Ashcroft, 3:02CV938, 2002 WL 3109529732, at *1 (D. Conn. 2002) (Goettel, J.) (denying habeas corpus petition for failure to show removal is no longer reasonably foreseeable).

Nonetheless, the government can rebut any showing because not only is the petitioner's removal presently scheduled, the government has already tried to remove her once, only to be frustrated by the petitioner's own actions. On October 19, 2004, the petitioner was scheduled to be escorted by two immigration

3

officers from Boston to Los Angeles, where she was to be placed, unescorted, on a plane to Tonga, her native country. During processing for removal that day, the petitioner refused to cooperate and became physically upset. According to reports of the officers present on the scene, the petitioner stated that "[y]ou're going to have to kill me in order to get me on that plane." When asked by the supervisory immigration officer on the scene what she was going to do to prevent her removal she stated that she would do "whatever necessary." Because the immigration service determined that the petitioner was creating a security and safety issue, her removal for that day was postponed. Further, because of her activities in October, her status as an unescorted deportee was converted to that of Medical Escort, meaning that she will be escorted all the way to Tonga by immigration officers and a representative of the United States Public Health Service. That removal has been scheduled, although for security reasons that date will not be disclosed, other than to state that it is well within thirty (30) days of the date the government's response is due.

In view of the above, the petitioner's *Zadvydas* claim is meritless. Not only is her removal foreseeable, it is scheduled and, were it not for the petitioner's actions to physically prevent her earlier removal, she would already have been removed from the United States.

4

Indeed, this situation is analogous to the Second Circuit's holding in <u>United States v. Shandell</u>, 800 F.2d 322, 324 (2d Cir. 1986), where the defendant complained that his rights under the Speedy Trial Act were being violated based upon a delay he requested. There, the Second Circuit held that

> Appellant cannot now contend that the Government's case should be dismissed because of the additional time [beyond 70 days] which he himself insisted was necessary. This, as the district court stated, would be 'mousetrapping of a rather egregious order.'

<u>Id</u>.

Here, the only thing preventing the petitioner's removal is action taken by the petitioner to physically frustrate a lawful order of this Court. She presented no valid ground to prevent her removal and she presents no valid ground in support of her release under <u>Zadvydas</u>. Accordingly, the Court should dismiss the instant petition.[1]

---

[1] The petitioner again relies upon her family ties in seeking this Court's action. What she fails to tell the Court is that she is divorced from her husband and that he has custody of their children. The petitioner led the Court in the earlier case to believe that she was married but it came out during the course of the hearing before Chief Judge Chatigny that she was divorced and did not have custody of her children.

CONCLUSION

The petitioner has been given every opportunity to litigate every issue she could before the federal courts. Her actions have now become abusive of this Court's time and the time of law enforcement officers doing the job that Congress has entrusted to them. This abuse should stop and, as noted above, **it is the government's intention to continue with the petitioner's presently scheduled removal from the United States.**

                           Respectfully submitted,

                           KEVIN J. O'CONNOR
                           UNITED STATES ATTORNEY

                           JAMES K. FILAN, JR.
                           ASSISTANT U.S. ATTORNEY
                           915 LAFAYETTE BOULEVARD
                           BRIDGEPORT, CT 06604
                           (203) 696-3000
                           FEDERAL BAR NUMBER: ct15565

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing was sent via United States mail, postage prepaid, on this date, to:

The Honorable Robert N. Chatigny
Chief United States District Judge
United States Courthouse
450 Main Street
Hartford, Connecticut  06106

The Honorable Alvin W. Thompson
United States District Judge
United States Courthouse
450 Main Street
Hartford, Connecticut  06106

Steven R. Strom
Assistant Attorney General
110 Sherman Street
Hartford, Connecticut 06105

Melaia Latu Ostling
Inmate Number 0294361
York Correctional Institute
201 West Main Street
Niantic, Connecticut 06357

Dated at Bridgeport, Connecticut this 22nd day of December, 2004.

JAMES K. FILAN, JR.
ASSISTANT UNITED STATES ATTORNEY